# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL MUNIZ, | : | Civil No. 3:10-CV-345 |
| | : | |
| Plaintiff, | : | ( Judge Caputo) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| OFFICER PRICE, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

**I.     Statement of Facts and of the Case.**

This is a civil rights action brought by a state inmate. In his complaint, Angel Muniz, who is proceeding *pro se*, has named a number of prison staff as Defendants, alleging that these staff violated his constitutional rights by employing excessive force against him when they subdued him during an April 9, 2008, affray in a prison psychiatric ward. (Doc. 1). This matter now comes before the Court on two discovery motions filed by the Plaintiff: a motion to compel discovery, filed by Muniz on October 8, 2010, (Doc. 33) and a motion to take the oral depositions of the Defendants, filed by Muniz on October 15, 2010. (Doc. 38).

With respect to these two discovery motions, at the outset we are compelled to note a series of procedural irregularities in these filings. First, both motions are

clearly untimely. On May 28, 2010, we entered a case management order which directed all parties to complete discovery on or before September 30, 2010. After setting this September 30, 2010, deadline for discovery, we notified all parties in clear and precise terms that:

> The following deadlines, described in greater detail throughout this Order, have been established for this case, and may not be modified by the parties. Motions to modify or extend the deadlines established here shall be made before expiration of the time limits has passed. **All requests for extensions of discovery deadlines must be made at least thirty (30) days prior to the expiration of the discovery period. Motions will be granted only on a showing of good cause**.

(Doc. 16).

Presented with the plain language of this order, no party sought to extend the discovery deadlines in this case. Therefore, despite this explicit guidance from the Court, we note Muniz's discovery motions reveal that the Plaintiff did not even commence his discovery prior to the expiration of this discovery deadline.

In addition, with respect to the motion to take the oral depositions of the Defendants filed by Muniz on October 15, 2010, (Doc. 38), we note that Muniz has violated the provisions of Local Rule 7.5 by failing to timely file a brief in support of this motion. Local Rule 7.5 prescribes the sanction for such a failure on Muniz's part, stating in part as follows:

> **LR 7.5 Submission of Briefs Supporting Motions.**
>
> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. If the motion seeks a protective order, a supporting brief shall be filed with the motion. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.

Local Rule 7.5.

Notwithstanding the irregular and tardy nature of these motions, the Defendants have filed a response to Muniz's discovery motion (Doc. 33), which: first, notes that the much of the material sought by Muniz, such as photographs and videos, does not exist; and second, requests that the discovery motion be denied as inappropriate and untimely. (Doc. 42).

Presented with these tardy, procedurally inappropriate, and substantively flawed discovery requests, which in many instances seek materials which the Defendants represent do not exist, we will exercise our discretion and deny these discovery motions.

### II. Discussion

Muniz's motions, and the Defendants' responses in opposition to these motions, call upon the Court to exercise its authority to regulate discovery in this case. Issues relating to the scope and timing of discovery permitted under the Rules rest in the sound discretion of the court. Wisniewski v. Johns-Manville Corp., 812

F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles. One essential attribute of the court's discretion in this field is that the court may, and indeed must, set schedules for the completion of discovery. When a party fails to abide by those schedules the court has the right, and the duty, to impose sanctions for that failure. Those sanctions may, in the discretion of the court, include declining a party's request to compel compliance with untimely and improper discovery demands. Thus, where a party has submitted an untimely discovery request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request. <u>See, e.g.</u>, <u>Maslanka v. Johnson & Johnson</u>, 305 F.App'x 848 (3d Cir. 2008)(affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); <u>Oriakhi v. United States</u>, 165 F.App'x 991 (3d Cir. 2006)(same); <u>Bull v. United States</u>, 143 F.App'x 468 (3d Cir. 2005)(same). As the court of appeals has noted in rebuffing a similar effort by a tardy prisoner-litigant to compel responses to belated discovery:

> [W]e discern no abuse of discretion with respect to [the inmate-plaintiff's] discovery and trial preparation issues. <u>See Petrucelli v. Bohringer and Ratzinger</u>, 46 F.3d 1298, 1310 (3d Cir.1995) (applying "abuse of discretion standard when reviewing orders regarding the scope and conduct of discovery"). [The inmate-plaintiff] filed a motion to compel discovery after . . . after the expiration of the court-ordered

4

discovery period. The record confirms the District Court's conclusion that [the inmate-plaintiff] failed to seek leave of court to extend the discovery period. . . .".

Oriakhi, 165 F.App' x. at 994.

In this case, turning first to Muniz's motion to compel discovery, (Doc. 33) we find that this motion fails for two reasons.

First, the motion and discovery requests are untimely. The discovery demands which are the subject of this motion to compel were first propounded in October of 2010, after discovery closed in this case. Muniz propounded these discovery demands after the discovery deadline had passed, and never took the simple step of requesting that the Court expand and extend discovery.

Moreover, as the Defendants observe in their response to the motion, (Doc. 42) many of the discovery requests that are the subject of this motion to compel seek material which does not exist, and are, therefore, incapable of being responded to in a meaningful way. In short, since these discovery demands are untimely, and for the most part seek material which does not exist, the proper exercise of our discretion in this field calls for us to deny this motion to compel. See, e.g., Maslanka v. Johnson & Johnson, 305 F.App'x 848 (3d Cir. 2008)(affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F.App'x 991 (3d Cir. 2006)(same); Bull v. United States, 143 F.App'x 468 (3d Cir. 2005)(same).

5

Muniz's motion to take oral depositions of the Defendants (Doc. 38) is similarly flawed in at least three respects.

First, the motion should be denied because Muniz has not complied with Local Rule 7.5 by filing a timely brief in support of this motion. Since "a supporting brief [has not been] filed within the time provided in this rule the motion shall be deemed to be withdrawn." L.R. 7.5 Therefore, as a threshold matter, we will construe this motion as abandoned in light of Muniz's procedural default.

Second, this discovery request, which was first made on October 15, 2010, two weeks after the discovery deadline in this case had lapsed, is fatally flawed because it is untimely. As we have noted, where a party submits an untimely discovery request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request. See, e.g., Maslanka v. Johnson & Johnson, 305 F.App'x 848 (3d Cir. 2008)(affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F.App'x 991 (3d Cir. 2006)(same); Bull v. United States, 143 F.App'x 468 (3d Cir. 2005)(same). This principle applies here and compels denial of this particular request.

Finally, Muniz's motion for authorization to conduct oral depositions of the Defendants pursuant to Rule 30 of the Federal Rules of Civil Procedure fails for yet another reason. Under Rule 30, rulings on inmate requests to conduct oral depositions rest in the sound discretion of the Court. That discretion, though, is guided by a basic

recognition of the security and logistical difficulties that such depositions present. McKeithan v. Jones, 212 F.App'x 129 (3d Cir. 2007). Moreover, in light of these logistical and security concerns, it is often preferable for inmates to seek discovery through timely written depositions pursuant to Rule 31 of the Federal Rules of Civil Procedure, a course which Muniz did not follow in this case. Given these alternative means of obtaining discovery, and the obvious security and logistical concerns presented by inmate oral depositions, it has been held that the proper exercise of discretion in this field often entails denial of inmate requests for orders compelling oral depositions. McKeithan v. Jones, 212 F.App'x 129 (3d Cir. 2007).

Thus, with respect to Muniz's motion to take oral depositions we find that this motion is untimely, inappropriate, and has been abandoned by virtue of Muniz's failure to file a brief in support of this request. Accordingly in the exercise of our discretion we will deny this request as well.

### III. **Conclusion**

Accordingly, this 3d day of November, 2010, it is ORDERED that the Plaintiff's motion to compel, (Doc. 33), and motion to take oral depositions (Doc. 38) are DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
